OPINION
Appellant A B Auto Sales, Inc., dba A B Kia Suzuki, appeals from the decision of the Belmont County Common Pleas Court which upheld the seven-day license suspension imposed by appellee Ohio Motor Vehicle Dealers Board ("the Board"). Appellant asks us to reverse the suspension on the grounds that it is too harsh of a penalty. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS
On February 13, 1998, a car was sold from appellant's Ohio car dealership. A thirty-day Ohio temporary tag was issued. On March 23, 1998, the buyer came to the lot complaining because he received a ticket from the police for driving with an expired temporary tag as a result of the dealership's failure to timely send him the title. Michael Fern, Jr., who is the general manager and the president's son, reimbursed the buyer for the amount of the fine and brought the buyer to appellant's West Virginia lot to complete a new purchase order for the vehicle. He then issued a sixty-day West Virginia temporary tag to the buyer. Thereafter, the sixty-day tag expired. On June 1, 1998, Ohio title was finally secured by the buyer.
Michael Fern, Sr., who is the president of the dealership, was charged with a felony under R.C. 4505.19(B) for the above events. On July 1, 1998, he entered a plea bargain whereby the state amended the charge to misdemeanor failure to provide title under R.C. 4505.03. Mr. Fern, Sr. was fined $200 plus court costs, given a ten-day suspended sentence, and placed on probation for one year.
Thereafter, the Board notified appellant that its license could be denied, suspended, or revoked for violation of the law relating to the sale of a motor vehicle under Chapter 4517 of the Revised Code. A hearing was held before the Board on August 31, 2000. Mr. Fern, Sr. did not attend, but Mr. Fern, Jr. did. Mr. Fern, Jr. testified as to the reasons the thirty-day tag expired. First, he said that the dealership did not even have title to the vehicle from the previous owner who traded it in during mid-November 1997. He mentioned that problems arose because the past owner was going through a divorce.
Then, he stated that the vehicle actually belonged to the West Virginia lot but was driven to the Ohio lot by an employee who accidentally left it there. Apparently, the buyer purchased the car before anyone realized that it was missing from the West Virginia lot. The Board noted that although appellant was not charged, this act would also be a violation.
Then, Mr. Fern stated that his employee in charge of titles for the Ohio lot must not have been able to figure out that the car was from the other lot. Mr. Fern realized the problem when the buyer came in to complain. He admitted that when he issued the sixty-day tag, he still did not know if the dealership had title from the prior owner yet. He did not clearly state reasons why the sixty-day tag expired or why the car had stickers on the windows when sold that listed the Ohio lot as the dealer. He answered that the person who sold the car to the buyer was licensed at the time; however, a state's exhibit demonstrated that the salesperson was not licensed in Ohio. Finally, Mr. Fern noted his remedial measures such as making one employee in charge of just titles and computerization.
On September 19, 2000, the Board mailed out its decision which found a violation and imposed a seven-day license suspension as a sanction. Appellant filed notice of appeal with the trial court and the Board. On August 30, 2001, the trial court filed its decision upholding the decision of the Board. Appellant filed timely notice of appeal to this court.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error and question presented are as follows:
 "THE TRIAL COURT ERRED IN AFFIRMING THE ORDER OF THE OHIO MOTOR VEHICLE DEALERS BOARD."
"Whether the imposition of a seven day suspension is supported by applicable law."
Appellant admits its violation and concedes that a seven-day license suspension is a statutorily available penalty. However, appellant contends that a seven-day license suspension is too harsh under the facts of this case. Appellant attaches two decisions of the Board from 1993 that did not impose a sanction in what appellant describes as similar cases. Appellant urges that under the circumstances of this case, the outcome is not warranted.
The Board correctly responds that neither the trial court nor this court reviews questions concerning the harshness of a penalty imposed by an agency where that penalty is allowed by law. We recently addressed the issue and reversed a trial court's modification of an agency's penalty.Sprankle v. Ohio Dept. of Ins. (Sept. 10, 2001), Mahoning App. No. 00CA275, citing Henry's Café, Inc. v. Board of Liquor Control
(1959), 170 Ohio St. 233. We reaffirmed our decision when we denied Sprankle's motion to reconsider. (See Per Curiam decision refusing to reconsider Sprankle). In this reconsideration decision, we further explained our holding. In fact, we cited a case from every Ohio appellate district, except the eleventh, in support of our holding and reading ofHenry's Café. See, also, State Med. Bd. v. Murray (1993),66 Ohio St.3d 527, 538 (concluding that the order finding a violation is supported by probative, reliable, and substantial evidence and the penalty is in accordance with law). Under the precedent of this court, this assignment of error is hereby overruled.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
DeGenaro, J., concurs.